UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ERICK TAMARIZ,<br><br>                      Defendant. | Case No.: 3:17-cr-3551-BTM-1<br><br>**ORDER DENYING 18 U.S.C. § 3582(c) MOTION**<br><br>**[ECF No. 72]** |

      Defendant Erick Tamariz, an inmate at Atwood USP, filed a renewed motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), on the basis that he will be able to provide care for his ill wife, two minor children, and one adult child during the COVID-19 pandemic. (ECF No. 72 ("Mot.").) After complete briefing and an October 21, 2020 hearing, the Court denied Defendant's first § 3582(c) motion without prejudice for failure to exhaust his administrative remedies. (ECF Nos. 66, 69, 71.) Defendant's Motion now provides evidence that he has exhausted his administrative remedies by requesting and being denied relief by the warden of his current facility.[1] (Mot., Exh. B.) Defendant's projected release

---

[1] Besides the addition of Defendant's exhaustion of administrative remedies, Defendant's initial and renewed motions are otherwise materially identical.

date is February 16, 2023.  With good time credit, he has served about half of his 60-month sentence.  Accordingly, the Court addresses the merits of his Motion.

    A district court may reduce a previously imposed sentence and grant compassionate release if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).  The U.S. Sentencing Commission has guidance as to what constitutes these "extraordinary and compelling reasons." 28 U.S.C. § 994(t).  Among them are "family circumstances" such as the "death or incapacitation of the caregiver of the defendant's minor child or minor children" or the "incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13 cmt. n. 1(C).  Defendant, who is thirty-eight years old and does not himself have any medical conditions that make him vulnerable to COVID-19, moves only under the "family circumstances" avenue for relief.

    Defendant states that he has two minor children, five and ten years old, and one eighteen-year-old child, and that his wife was "diagnosed with leukemia in 2016 and since then has been treated with chemotherapy." (Mot. at 3.) "She also suffers from hyperthyroidism, as well as anxiety and depression." (*Id.*)  Further, the "family's finances have been crippled by [Defendant's] continued absence." (*Id.*)  Defendant argues that modifying the balance of his sentence to be served in home confinement will allow him to provide for his family and his wife's care. (*Id.* at 7.)  Defendant submits a letter from the hematologist caring for his wife, who states that she "had a bone marrow biopsy [in] November 2019 that confirmed persistent CML" and "has been non compliant with medication due [to] side effects, financial issues and the stress of being a single parent." (*Id.*, Exh. A., September 21, 2020 Letter from Kenneth B. Johnson., M.D.)  Defendant also submits a letter from his wife, Brenda Tallabas, who states that she has "been in and out [of] the hospital a few times," has "been struggling with paying bills and rent," is "not able to work," and has "had to apply for government assistance." (*Id.*, Exh. A,

1   September 21, 2020 Letter from Brenda Tallabas.)  Defendant's wife also states
2   that she does not have family or friends that are reliable to help her, and that she
3   "can't go out" because her medical conditions make her vulnerable to COVID-19.
4   (*Id.*)

5      While Defendant's evidence indicates that his wife is struggling, it does not
6   establish that his wife is incapacitated by her medical conditions, such that she is
7   completely unable to care for herself or her children, one of whom is an adult, or
8   that no one else is available to assist her.  *See United States v. Nassida*, 2020 WL
9   4700845, at *3 (W.D. Pa. Aug. 13, 2020) ("'Incapacitated' has been interpreted to
10  mean completely disabled, and to refer to someone who cannot carry on any self-
11  care and is totally confined to a bed or chair"); *United States v. Lisi*, 440 F. Supp.
12  3d 246, 252 (S.D.N.Y. 2020) ("The animating principle of the Family
13  Circumstances category is that there exists an extraordinary and compelling
14  reason for release when the defendant has a close family member who is
15  completely unable to care for himself or herself and for whom the defendant would
16  be the only available caregiver."); *United States v. Cruz-rivera*, 2020 WL 5993352,
17  at *7 (E.D. Pa. Oct. 9, 2020) (denying compassionate release based on
18  defendant's wife's diabetes and breast cancer because "[w]hile these are trying
19  medical conditions, it cannot be assumed every individual who is diagnosed with
20  diabetes or breast cancer is incapacitated" and defendant had not shown that his
21  wife was "incapacitated due to her breast cancer or diabetes"); *United States v.*
22  *Ellis*, 2020 WL 5073562, at *3 (E.D. La. Aug. 26, 2020) (denying compassionate
23  release based on medical conditions of defendant's wife, who "did suffer a number
24  of maladies" such as "kidney disease, breast cancer, diabetes, high blood
25  pressure, and other medical conditions," but "did not appear to be incapacitated").
26  Further, Defendant's wife's medical conditions, her unemployment status,
27  Defendant's role as the sole financial provider of the family, and Defendant's role
28  in assisting with caring for his wife and children were all factors considered by the

Court in departing down 18 months from the Guidelines under U.S.S.G. § 5H1.6 in imposing a below Guideline sentence of 60 months.

The Court does not find extraordinary and compelling reasons justifying compassionate release due to family circumstances.  The motion is **DENIED WITHOUT PREJUDICE**.  Defendant may renew the Motion if his wife's condition materially worsens and there is no one else to care for her and their two minor children.

**IT IS SO ORDERED.**

Dated:  December 30, 2020

_____
Honorable Barry Ted Moskowitz
United States District Judge